REED, Justice.

Lonnie HOWELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 17, 1972.

Rehearing Denied Feb. 2, 1973.

Robert N. Hubbard, Elizabethtown, for appellant.

Ed W. Hancock, Atty. Gen., J. T. Frankenberger, Asst. Atty. Gen., Frankfort, for appellee.

Lonnie Howell was convicted of malicious striking and wounding by a jury which also determined his punishment at eight years' confinement in the penitentiary. Howell was jointly indicted and tried with Robert Lee Thompson against whom the same verdict as to guilt and punishment was returned. Howell appeals from the judgment entered in accordance with the verdict.

Howell and Thompson were identified by the prosecuting witness, James Leslie Ray, as the persons who severely beat and wounded him with their fists and a blackjack and left him in a field.

The evidence revealed that Ray was a 30-year-old man who had suffered from a thyroid deficiency since childhood. Due to this physical condition, he was unable to complete formal schooling beyond the sixth grade and was limited in his employment opportunities. On the occasion in question, Ray had attended a church-sponsored skating party at the Valley Rollerdrome in Jefferson County, Kentucky. He said he observed Howell at the party and had seen him there before.

About 9:00 p. m., Ray left the party to walk to his home, which was located about a mile away. According to Ray, as he was walking home, Howell and Thompson stopped him and asked him if he wanted a ride. Another boy, Roger Dale Warren, was also in the car. Ray said he accepted the invitation and entered the back seat of the car because he wanted to "show them boys around." He said he did not dream they would harm him in any way and was confident they would take him home.

Ray said that at the time he entered the car Howell was the driver. Thompson asked Ray if he wanted a drink of some type of alcoholic beverage. Ray refused the drink; thereupon Thompson produced a gun and forced Ray to drink the alcoholic beverage. Ray said that while they were still in Jefferson County he was

struck three times by Thompson. The group then proceeded to a place near Elizabethtown, Kentucky, where Ray said Thompson asked him "if his head was hard." Thompson then struck Ray three times with a blackjack or some object of that description.

The group then traveled from Elizabethtown into Larue County and on Route 3 near Hodgenville the car was stopped. Thompson and Howell got Ray out of the car, threw him over a fence, and then told him if he ran they would shoot him. While lying face down in a cornfield, Ray was struck with a blackjack until he was unconscious by either Thompson or Howell, or both of them. His coat was then put on him backwards and his hands and feet tied with his shirt. The car and its occupants then abandoned the victim.

Ray was able to untie himself and went to a nearby house belonging to Mrs. Earl Howell, who is not related to Lonnie Howell, the appellant. He was first taken to the local hospital and thereafter to a hospital in Louisville, Kentucky, where he remained a patient for 31 days.

Ray later identified Howell from a picture in a high school annual. He first identified Thompson's brother as his other assailant but later positively identified Robert Thompson as one of the men who beat and wounded him. His identification of Howell was positive and repeated. Although Howell argues that Ray's identification was induced by the persuasion of his parents and appears to cast doubt on the reliability of the identification because of Ray's lack of mental attainments, it appears to us that the probative value of Ray's identification was for the assessment of the jury.

We have carefully reviewed Ray's testimony and find it quite intelligible and direct. His answers on cross examination demonstrate understanding and acceptably accurate recollection. We are unable to say that his testimony demonstrated such a lack of probative value that a court should not allow a jury to consider it. Therefore, Howell's argument that the verdict was flagrantly against the evidence is deemed without merit.

Howell's defense consisted of an alibi. The corroborating evidence that purported to account for his whereabouts on the occasion of the commission of the crime principally consisted of testimony by his brother and sister. We find the case was one that was properly submitted to a jury for its evaluation of the credibility of the evidence.

Howell asserts that he should have been granted a new trial because a juror whose disqualification was discovered after the verdict was permitted to serve. Howell's counsel filed an affidavit that Harvey Willian, who served as a juror, had been previously convicted of a felony and had not been pardoned. In support of this contention, the affidavit of the Circuit Court Clerk of Larue County was filed. This affidavit stated that the clerk possessed the records of all felony convictions in Larue County, that a Harvey Willan, also spelled in the affidavit Willen, had been indicted, tried and convicted for grand larceny in 1947.

There is no showing of record that the person referred to in the clerk's affidavit was the same person as Harvey Willian who served as a juror in Howell's case, which was tried in October 1971. Furthermore, although Howell's counsel stated in an affidavit that all of the prospective jurors in the case were asked on voir dire whether any of them had been convicted of a felony and not pardoned, the Commonwealth's attorney and the County attorney each responded by affidavit that no such question was asked. The trial judge refused to grant a new trial upon this showing. We cannot say his decision was erroneous.

KRS 29.025 disqualifies for jury service a person convicted of a felony who has not been pardoned. Therefore a juror in such

status is subject to challenge for cause. The statute further declares that the fact that a disqualified person served on a petit jury shall not be cause for setting a verdict aside, nor shall exception be taken to any juror for lack of qualification after the jury has been sworn. Identical language in a predecessor statute was considered in Johnson v. Commonwealth, 311 Ky. 182, 223 S.W.2d 741 (1949).

In that opinion this court held that the effect of the statutory language now contained in KRS 29.025 makes it necessary for a party to inform himself as to the qualifications of jurors before the jury is sworn in order that he may exercise his right of challenge, general or peremptory, but that the statute does not apply where the party has been misled by a false answer of the juror on voir dire and he has thus been deprived of his right of challenge.

In the case before us, the voir dire was not transcribed. There was a factual issue created by the affidavits of counsel for the defense and for the prosecution concerning whether the ground of asserted disqualification had been inquired about on the voir dire. The effect of the trial judge's decision on the motion resolved that factual issue contrary to Howell's assertion. Thus, we must assume that the question was not asked. Upon that assumption, it is apparent that no reversible error was committed. Even if that assumption be disregarded, however, there is no evidence that the person mentioned in the clerk's affidavit is the same person who served as a juror. We, therefore, conclude that we are unauthorized to disturb the findings and conclusion of the trial judge concerning this aspect of the case.

■ Howell also argues that the instructions were erroneous because there was no instruction to the effect that if the jurors entertained a reasonable doubt of the degree of the offense which Howell had committed, he should be convicted only of the lower degree of the offense

charged. RCr 9.56. The instructions appear to be complete and entirely fair with the exception that they omitted the provision concerning the effect of a reasonable doubt as to the degree of the offense committed. Nowhere in the record, however, is there any objection to the instructions on this ground. We must conclude that this specific complaint was not presented to the trial court. The error in this respect was not preserved for review.

The judgment is affirmed.

All concur.